THE CITY OF EVANSVILLE *v.* THE EVANSVILLE GASLIGHT COMPANY.

CONTRACT.—In a suit by the city of *Evansville* against the *Evansville Gaslight Company,* the complaint showed that the contract sued on was made by the city with A and company. It failed to show that the gaslight company in any way assumed, acted under, or became responsible for the performance of the contract, but averred that A, with his associates and partners, afterwards became a body corporate, by the name

of the *Evansville Gaslight Company*, in pursuance of the laws of the State, and did lay pipes, &c. It was not averred that A and company laid any pipes, or did any other act under the contract, nor that the gaslight company succeeded to the rights and privileges conferred by the contract on A and company.

*Held*, that the complaint was fatally defective, and a demurrer to it properly sustained.

APPEAL from the *Vanderburgh* Common Pleas.

ELLIOTT, J.—This was a suit by the appellant against "*The Evansville Gaslight Company*," a corporation, for alleged breaches of a contract to furnish the city and citizens of *Evansville* with gas, made by the city with *John Jeffrey & Co.* The court below sustained a demurrer to the complaint, and rendered final judgment for the appellee. The city appeals.

The complaint alleges that on the 15th of *June*, 1852, *John Jeffrey & Co.* entered into a contract with the plaintiff, which, in the form of an ordinance of the city council, with the approval and acceptance of the said *John Jeffrey & Co.*, is set out in the complaint. It is then averred that "afterwards viz., on the — day of ——, the said *John Jeffrey* and his said associates and partners became, under and in pursuance of the laws of the State of *Indiana*, a body corporate, by the name of *The Evansville Gaslight Company;* that afterwards, to-wit, on the first day of *April*, 1853, and from time to time thereafter until the 10th day of *March*, 1865, the defendant did lay pipes in the streets, lanes, alleys and thoroughfares of said city, for conducting gas, and did during the same time furnish gas for consumption to a large number, viz., two thousand of the inhabitants of said city, and among others to *James G. Jones*, who was during that time, and still is, an inhabitant of said city, at his dwelling house, which is within a reasonable distance, viz, twenty-five feet, of a supply pipe already laid." The complaint then alleges various breaches, which need not be stated for the purpose of the point ruled in the case.

The complaint shows that the contract sued on was made by the city with "*John Jeffrey & Co.*," and not with the cor-

poration, *The Evansville Gaslight Company,* the defendant, and it fails to show that that corporation in any way assumed, acted under, or became responsible for the performance of the contract so made by the city with *John Jeffrey & Co.* True, it is averred that *John Jeffrey* and his associates and partners afterwards became a body corporate, by the name of *The Evansville Gaslight Company,* in pursuance of the laws of the State, and that said *Gaslight Company* afterwards proceeded to lay pipes and furnish the city and its inhabitants with gas. It is not shown that *John Jeffrey & Co.* laid any pipes, or did any other act under the contract, nor that *The Gaslight Company* succeeded to any of the rights or privileges conferred by the contract on *John Jeffrey & Co.* If *John Jeffrey & Co.,* after entering into the contract with the city, had positively refused to enter upon or perform it, (and for aught that appears such may have been the fact) and afterwards *The Evansville Gaslight Company* was organized, not by the authority of the city council of *Evansville,* but under the laws of the State, and proceeded under the authority of its charter to lay pipes and furnish the city and citizens with gas, it could scarcely be contended, with any show of reason, that because *John Jeffrey* and his associates became the members of the corporation, *The Gaslight Company* became thereby liable upon the contract of *John Jeffrey & Co.,* made by them individually, before the organization of the *The Gaslight Company.* We think the complaint was fatally defective for the reasons stated, and the demurrer to it was therefore properly sustained. Other questions are argued by counsel at much length and with ability, but for the reason already given they do not properly arise, and we forbear expressing any opinion in reference to them.

GREGORY, C. J., dissented.

The judgment is affirmed, with costs.

*J. G. Jones,* for appellant.

*J. J. Chandler,* for appellee.