| 29 | 465 |
| 128 | 269 |
| 29 | 465 |
| 131 | 245 |
| 133 | 268 |
| 29 | 465 |
| 134 | 559 |
| 29 | 465 |
| 164 | 126 |
| 29 | 465 |
| 166 | 185 |
| 29 | 465 |
| 170 | 395 |

# The Indianapolis, Cincinnati and Lafayette Railroad Company *v.* Jones.

CONSOLIDATION OF RAILROADS.—LIABILITIES.—Where two railroad corporations have been consolidated, the consolidated company must, for the purpose of answering for the liabilities of the old corporations, be deemed to be merely the same as each of its constituents, and liable for their debts, which may be enforced against the new corporation, in the same way as if no change had been made.

SAME.—VARIANCE IN PROOF.—In a suit against the consolidated company, where the tort sued for was committed by one of the old corporations, the fact should be so averred, to avoid a variance in the proof, but on appeal such a variance will not be available.

APPEAL from the *Decatur* Common Pleas.

FRAZER, J.—This case is here solely upon a question of the sufficiency of the evidence. It was a suit to recover the value of a steer, alleged to have been killed by defendants cars, in *April*, 1865, in *Decatur* county, the railroad not being fenced. The answer was the general denial. The

issue was found for the plaintiff, and his damages assessed at $100. The question made is without any substantial merit, being purely technical. It must, however, be determined according to law. It was the cars of the *Indianapolis and Cincinnati Railroad Company* that killed the steer, since which time that company's road has been consolidated with the road of the *Lafayette and Indianapolis Railroad Company*, under the laws of this State, and the corporation thus formed is the appellant, the *Indianapolis, Cincinnati and Lafayette Railroad Company.*

It is disputed that the consolidated company, the appellant, is liable for the value of the steer, and *Evansville* v. *The Evansville Gas Light Co.*, 26 Ind. 447, is relied on as an authority to sustain the proposition. The case seems to us to have no bearing whatever upon the question.

By the consolidation, both of the old companies ceased to exist separately, and all their effects and franchises were vested in the new company. The two corporations became merged in one. We cannot imagine how the *Indianapolis and Cincinnati Railroad Company* could afterwards be sued. Upon whom would process be served? It ceased to have any officers or agents. It ceased to be a separate legal entity. Instead of two, there was now but one corporation, made up of the mingled elements of the two pre-existing companies, so combined and merged that neither could be separately identified or brought into court. But what are the rights of creditors and persons upon whom torts have been committed by the vanished corporations? A dead man may have an administrator to represent his estate and answer to suits, but a corporation lawfully disappearing thus, has no estate to be administered. Its assets have lawfully vested in the new consolidated corporation. Must lawful claims be lost, then? That result cannot follow. The legislature has chosen to make no provision upon the subject, and the industry of counsel, as well as our own examination of the books, has failed to discover any direct authority upon the question before us. The analogies of

the law, too, afford little aid in its solution. We regret to be compelled to decide it without a more thorough argument. Giving it, however, the best consideration of which we are capable under the circumstances, we have reached the conclusion that, for the purposes of answering for the liabilities of the constituent corporations, the consolidated company should be deemed to be merely the same as each of its constituents, their existence continued in it, under the new form and name, their liabilities still existing as before, and capable of enforcement against the new company in the same way as if no change had occurred in its organization or name. This doctrine seems to spring from the necessities of justice, and, so far as we are able to foresee, cannot result in wrong or embarrassment. To avoid variance in proof, the complaint should, in this case, have averred the facts, which it did not; but it seems to us that it could have been cured by amendment on the trial, and that the variance is therefore not available to the appellant here.

The judgment is affirmed, with ten per cent. damages and costs.

*W. Cumback, S. A. Bonner* and *J. D. Miller*, for appellant.
*J. Gavin*, for appellee.