No. 15,797.

## The Cleveland, Cincinnati, Chicago and St. Louis Railway Company v. Prewitt.

RAILROAD.—*Consolidated Company.*—*Liability for Obligations of Original Company.*—*Complaint.*—The corporation into which railroad companies become merged as a consolidated company succeeds to the rights and privileges, and assumes and becomes liable for the debts and obligations of the original companies, and a complaint based on such liability for tort need not contain the articles of consolidation.

EVIDENCE.—*Condition of Injured Person.*—*Expressions of Suffering.*— Where action is brought to recover damages for personal injuries, it is proper to prove the condition of the injured person, and, also, to prove declarations or expressions of present pain or suffering as a result of the injury.

From the Owen Circuit Court.

*J. T. Dye* and *W. R. Harrison*, for appellant.

*W. Hickam*, *D. E. Beem* and *W. S. Shirley*, for appellee.

HOWARD, J.—The complaint in this case alleges, that on the 8th day of August, 1888, and prior thereto, the Cincinnati, Indianapolis, St. Louis and Chicago Railroad Company was the owner of, and operating, a railroad from Martinsville to Fairland, in this State; that, on said date, appellee, while a passenger on one of the trains of said company, received injuries resulting from the car in which she was seated running off the track, down an embankment, and turning over, by reason of which appellee's collar bone was broken, her spine and neck affected, and other severe and permanent injuries inflicted upon her, all of which were caused solely by the fault and negligence of said railroad company, and without fault or negligence on her part; that since said wrong and injuries were received, and on the — day of ———, 1889, the said railroad company, to wit, the Cincinnati, Indianapolis, St. Louis and Chicago Railroad Company, including the road bed and track, with all cars, locomotives, etc., together with that part leading and running from said city of Martinsville to Fairland, as aforesaid, has been consolidated with and united with the defendant company herein, to wit, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, and is now being operated and run and controlled as a part of the said Cleveland, Cincinnati, Chicago and St. Louis Railway Company, under said consolidation. Wherefore, etc.

A demurrer was overruled to this complaint, and appellant answered by a general denial. The cause was then submitted for trial, and the jury returned a verdict for five thousand dollars in favor of appellee. After overruling a motion for a new trial, judgment was entered, and this appeal followed.

Appellant contends that the complaint is bad, because it fails to set forth the articles of consolidation of the Cincinnati, Indianapolis, St. Louis and Chicago Rail-

road Company, which company inflicted the injury upon appellee, with the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, this appellant, and because it fails to show any express agreement by which appellant assumed liability for the act of the wrong-doer.

Whether the corporation into which consolidated railroad companies become merged, succeeds to the rights and privileges, and assumes or becomes liable for the debts and obligations of the original companies, is no longer an open question in this State.

In *Louisville, etc., R. W. Co.* v. *Boney,* 117 Ind. 501, it is said, that "It is settled in this State that the act of consolidation involves an implied assumption by the new company of all the valid debts and liabilities of the consolidated companies. *Indianapolis, etc., R. R. Co.* v. *Jones,* 29 Ind. 465; *Columbus, etc., R. W. Co.* v. *Powell,* 40 Ind. 37; *Jeffersonville, etc., R. R. Co.* v. *Hendricks,* 41 Ind. 48."

In the case of *Cashman* v. *Brownlee,* 128 Ind. 266, this court, in speaking of consolidation, quotes with approval from 1 Rorer on Railroads, p. 38: "The company so merged, that is, all its members, pass into and become members of the company into which it is merged. All its corporate privileges and property become vested therein, and all the liabilities of the extinct company become chargeable against the corporation into which it is merged." And refers, also, to Beach on Railways, section 553, and *Lauman* v. *Lebanon Valley R. R. Co.,* 30 Pa. St. 42. Concluding, as held in *Paine* v. *Lake Erie, etc., R. R. Co.,* 31 Ind. 283, "That a railroad company formed by the consolidation of two companies succeeds to all the rights of each of the corporations of which it is composed," and adding: "Such new company also assumes the liabilities of the old companies."

The complaint in this case states, "That since the said

wrong and injuries were received by this plaintiff   *   *
the said railroad company   *   *   has been consolidated
with and united with the defendant company,   *   *
and is now being operated and run and controlled as a
part of the said Cleveland, Cincinnati, Chicago and St.
Louis Railway Company, under said consolidation.''

The consolidation is fully alleged, and the demurrer
will not lie for want of the articles of consolidation.
The suit is not based on those articles as a contract, but
on the tort of the Cincinnati, Indianapolis, St. Louis and
Chicago Railroad Company, now consolidated with and
operated as a part of said appellant company.   If there
were anything in those articles by which appellant might
be relieved of the liability charged, appellant could have
pleaded that specially, but appellant chose instead to an-
swer by a general denial, and to go to trial as defendant
to the action, and in its corporate name as charged in the
complaint.

It would be intolerable that a corporation should, by
consolidation, become possessed of all the property, rights,
and franchises of another company, and yet avoid all its
obligations, debts, and liabilities.

We think the complaint stated a good cause of· action
against appellant.

Appellant also claims that the court erred in overrul-
ing the motion for a new trial, the first reason discussed
being that the verdict was not supported by the evidence.

The following agreements and admissions of fact were
made on the trial, and submitted to the court and jury:

''It is agreed by the parties in the above entitled cause,
that the proof of the following facts shall be waived by
the defendant on the trial, and the facts conceded to be
as follows: That at the time the injury complained of was
committed, August 8th, 1888, the Fairland, Franklin and
Martinsville Railroad was operated by and was a part of

the system of what was then known as the Cincinnati, Indianapolis, St. Louis and Chicago Railroad Company, in the name of the C., I., St. L. & C..R. R. Co. Since August 8th, 1888, the date of the injury, and at the time of bringing this suit, the said C., I., St. L. & C. R. R. Co., including the Fairland, Franklin and Martinsville Branch, has been and is now consolidated with the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, and is now operated in the name of said last named company. These facts are agreed to for the purpose of avoiding the necessity of bringing the record proof upon these points.

"Dye & Harrison, for defendant.
"Shirley & Hickam, for plaintiff."

Also—

"It is admitted by the defendant in the above cause, that, on the 8th of August, 1888, while the plaintiff was a passenger on the regular passenger car for carrying passengers on the railroad mentioned in the complaint in the above cause, between Martinsville and Franklin, Indiana, having purchased a ticket, and the same having been taken from her by the conductor, at a point beyond Morgantown on the track of said railroad said passenger car in which the plaintiff was sitting ran off and left the track of said road, ran down an embankment, and turned over and injured plaintiff; that at the point on said railroad track where said car so left the track, and said injury occurred, the railroad track was out of repair, and that the company operating the said railroad, at the time of said injury, did not use the degree of care that the law requires of a carrier of passengers, in maintaining said track in good condition, and that said injury happened by reason of the failure of said company, operating said road, to keep the track in such repair as the law requires;

The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. v. Prewitt.

that said injury was caused without any fault or negligence of the plaintiff, and solely because of the fault and negligence of the said railroad company operating said road at the time of the injury, on which said injury occurred.

"DYE, PICKENS & HARRISON, for defendant."

With these admissions, and considering what we have said in regard to the ruling of the court upon the demurrer to the complaint, we think there can be no doubt that the verdict was amply supported by the evidence.

Under said admissions and the law as to consolidation of railroad corporations, the instructions of the court were unobjectionable, and as favorable to appellant as could be given.

As to the credibility of witnesses, the instructions requested by appellant were fully given by the court in other instructions on its own motion.

Appellant also claims that certain evidence was admitted going to show the condition of appellee at and after the injury, including statements of pain by her. The court allowed this testimony to go up to the time of the commencement of the suit, but not later. This ruling was favorable to appellant. It is proper to prove the condition of one who has been injured, and also to give exclamations or expressions of present pain or suffering. See *Chicago, etc., R. R. Co.* v. *Spilker*, 134 Ind. 380.

Appellant also calls our attention to other evidence which is alleged to have been improper, but gives no reasons to show its impropriety, and we see none.

We find no available error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Feb. 15, 1893; petition for a rehearing overruled June 13, 1893.