Mr. Chief Justice Alvey
delivered the opinion of the Court:
To determine the question presented, as to whether this order of revocation was proper, it becomes necessary to examine the grounds upon which letters of administration can be properly and lawfully granted in this District, upon the estate of a decedent whose domicile was, at the time of his death, in one of the States of the Union.
By the Maryland act of 1798, Ch. 101, Subch. 5, Sec. 2, in force in this District, it is provided that “in case the party neither has mansion or residence, nor died within the State, letters may be granted in the county wherein lies, or is supposed to lie, a considerable part of the party's personal estates And by the next succeeding section of the same statute, it is declared that “ it shall be incumbent on any person applying for such letters to prove such dying intestate to the satisfaction of the court, unless the same be notorious; and the court may examine such person, on oath or affirmation, touching the time, place and manner of the death, and whether or not the party dying left any will; and if such dying intestate be not proved to the satisfaction of the court, no letters of administration shall be granted.”
There is nothing in the record before us to show that the party deceased, upon whose estate letters of administration *250 were granted, had any personal estate, or any estate whatever, in this District, that constituted, or that could be denominated local assets, such as to require administration in this jurisdiction. Nor is there anything in the record to show upon what evidence or by what means, it was proven to the satisfaction of the court that Henry Coit had died intestate.
On this state of the record, therefore, we could not say that there had been error in revoking the letters of administration, as having been improvidently and inadvertently granted.
But to meet the objection that there was no evidence offered to prove the death of Henry Coit, or, if dead, that he had died without descendants, or next of kin, the applicant has filed in this court with and as part of a supplemental brief, in this case, an authenticated copy of the will of Henry Coit, deceased, showing that it was , made on the 16th of March, 1875; and was admitted to probate in the office of the Surrogate’s Court in and for the city and county of New York, in May, 1876. By this will, the testator, after some small legacies to his grandchildren, devised and bequeathed all the rest and residue of his estate to his two daughters, and he appointd his son-in-law and his two daughters executor and executrices of his will. This proof, thus furnished by the appellant himself, shows that the letters of administration granted to him were founded upon suggestions and allegations wholly unfounded in fact. This may have been, as suggested by the appellant, owing to inadvertence and indisposition of the appellant at the time; but this court can hardly be expected to reverse the order of revocation appealed from with this proof before it.
But, apart from these objections, it is shown by the facts set forth in the application for the letters of administration, that the letters were improvidently granted. In that application it is alleged that Henry Coit died in the city of New York, and that the only object of obtaining letters of administration here was to enable the administrator to demand of and receive from the Government of the United States the *251 proportion to which Henry Coit was entitled, as one of the owners of the brig General Armstrong, of the amount of money appropriated by the act of Congress of the 1st of May, 1882. To collect this money of the Government no local administrator of the decedent’s estate was required in this District. It has been settled by repeated decisions of the Supreme Court of the United States that debts due from the Government of the United States have no locality at the seat of government. The United States, in their sovereign capacity, have no particular place of domicile, but possess in contemplation of law an ubiquity throughout the Union; and the debts due by them are not to be treated like the debts of a private debtor, which constitute local assets in his own domicile. The executor or administrator of a creditor of the Government, duly appointed in the State where the deceased was domiciliated at his death, has full authority to demand and receive payment, and to give a full discharge of the debt due his testator or intestate, in any place where the Government may choose to pay it, whether it be at the seat of government, or at any other place where the funds may be deposited. This principle was expressly settled by the Supreme Court in the case of Vaughan v. Northup, 15 Pet., 1, in an opinion delivered by Mr. Justice Story, and the same doctrine has been reiterated and followed in the recent case of Wyman v. Halstead, 109 U. S., 654, in a very clear opinion by Mr Justice Gray.
It is clear, therefore, that any claim or demand against the Government of the United States, accruing under the act of Congress of May 1, 1882, and payable to the legal representatives of the decedent, Coit, was and is demandable by and payable to such legal representatives appointed in the State of New York, where the deceased was domiciled at the time of his death. Indeed, such claim against the Government does not furnish the foundation for a local administration in this District, when the decedent was domiciled in another jurisdiction at the time of his death. King v. United States, 27 Ct. Cl., 529.

Order affirmed.