[No. 8270.   Department Two.   October 29, 1909.]

## WILLIAM BERGER, *Appellant*, v. METROPOLITAN PRESS PRINTING COMPANY, *Respondent*.[1]

MASTER AND SERVANT—NEGLIGENCE OF MASTER—APPLIANCES—FACTORY ACT—NOTICE—SUFFICIENCY. Where an employee was injured while assisting to place a belt upon a pulley, his notice of the injury stating that he came to work at 6:30 p. m. on a certain date, that one C. started the motor, the belt slipped off, C. shut off the power, and while trying to put on the belt, his hand was caught, is sufficient under the factory act, Laws 1905, p. 169, § 9, allowing recovery for failure to provide proper belt shifters, etc., if "notice of the time, place and cause of injury is given the employer within six months"; since the purpose of the law to give notice of the time, place and cause is fulfilled, and technical accuracy is not required.

SAME—NOTICE UNDER THE FACTORY ACT—ESTOPPEL TO OBJECT. Such a notice is especially sufficient to authorize a recovery under the factory act, where it was prepared at a meeting by appointment with the defendant, retained without objection, and a few days later plaintiff asked for a copy, which was refused, and the defendant did not affirmatively allege a defective notice, but merely denied the giving of any notice and misled the plaintiff as to the issue.

SAME—NEGLIGENCE OF MASTER—APPLIANCE—FACTORY ACT—EVIDENCE—SUFFICIENCY. There is sufficient evidence to make a question for the jury for failure to furnish proper belt shifters, etc., under the factory act, where a press feeder, outside of his regular employment, was injured while assisting to put on a belt which was defective, curled up at the edges, and running on crooked pulleys which tended to throw it off, and he was inexperienced and unaware of the defective conditions.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 22, 1909, upon granting a nonsuit at the close of plaintiff's case, dismissing an action for personal injuries, after a trial before the court and a jury. Reversed.

*Fouts & Gould* (*Milo A. Root*, of counsel), for appellant. The statutory notice in this case was sufficient. *Falldin v. Seattle*, 50 Wash. 561, 97 Pac. 658; *Ellis v. Seattle*, 47

[1]Reported in 104 Pac. 617.

Wash. 578, 92 Pac. 431; *Hase v. Seattle*, 51 Wash. 174, 98 Pac. 370; *Lynch v. Allyn*, 160 Mass. 248, 35 N. E. 550; *Hardt v. Chicago, Milwaukee & St. Paul R. Co.*, 130 Wis. 512, 110 N. W. 427; *Brick v. Bosworth*, 162 Mass. 334, 39 N. E. 36; *Mulligan v. Seattle*, 42 Wash. 264, 84 Pac. 721; *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Bell v. Spokane*, 30 Wash. 508, 71 Pac. 31; *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386; *Piper v. Spokane*, 22 Wash. 147, 60 Pac. 138; *Beauregard v. Webb Granite & Construction Co.*, 160 Mass. 201, 35 N. E. 555; *Whitman v. Inhabitants of Groveland*, 131 Mass. 553; *McCarthy v. Dedham*, 188 Mass. 204, 74 N. E. 319; *Sheehy v. New York*, 160 N. Y. 139, 54 N. E. 749; *St. Louis & San Francisco R. v. Burgess*, 72 Kan. 454, 83 Pac. 991. The company having prepared the notice was estopped. The plaintiff was not bound to plead the estoppel since he had no notice of a defense calling for such plea. Estoppel *in pais* need not be pleaded under such circumstances. *Isaacs v. Clark*, 12 Vt. 692, 36 Am. Dec. 372; *Capital Lumber Co. v. Barth*, 33 Mont. 94, 81 Pac. 994; *Shelton v. Alcox*, 11 Conn. 240; *Woodhouse v. Williams*, 14 N. C. 508; *Donnelly v. San Francisco Bridge Co.*, 117 Cal. 417, 49 Pac. 559; *Blood v. La Serena Land & Water Co.* (Cal.), 41 Pac. 1017; *Perry Bros. v. Farrimond*, 5 Ind. Ter. 59, 82 S. W. 674; *Vellum v. Demerle*, 20 N. Y. Supp. 516; 16 Cyc. 807, 808, 809. The case should have been submitted to the jury under the employer's liability act. *Hoveland v. Hall Bros. Marine R. etc. Co.*, 41 Wash. 164, 82 Pac. 1090; *Erickson v. McNeeley & Co.*, 41 Wash. 509, 84 Pac. 3; *Gustafson v. West Lumber Co.*, 51 Wash. 25, 97 Pac. 1094. The case should have been submitted to the jury on the question of common law liability. *Slacer v. Field Engineering Co.*, 4 Misc. Rep. 493, 24 N. Y. Supp. 550; *Kirby v. Wheeler-Osgood Co.*, 42 Wash. 610, 85 Pac. 62.

*Kerr & McCord*, for respondent, contended, *inter alia*, that the notice did not comply with the requirements of the

factory act. *Chisholm v. Manhattan R. Co.*, 101 N. Y. Supp. 622; *Gmaehle v. Rosenberg*, 178 N. Y. 147, 70 N. E. 411; *O'Neil v. Karr*, 110 App. Div. 571, 97 N. Y. Supp. 151; 5 Thompson, Negligence, §§ 6334, 6337; *Miller v. Solvay Process Co.*, 109 App. Div. 135, 95 N. Y. Supp. 1020; *Ortolano v. Degnon Contracting Co.*, 104 N. Y. Supp. 1064; *Mears v. Spokane*, 22 Wash. 323, 60 Pac. 1127; *Stoors v. Denver*, 19 Colo. App. 159, 73 Pac. 1094; *Hughes v. Russell*, 93 N. Y. Supp. 307. An insufficient notice is no notice. *Mears v. Spokane, supra; Curry v. Buffalo*, 135 N. Y. 366, 32 N. E. 80; *Borst v. Town of Sharon*, 48 N. Y. Supp. 996; *Wall v. Highland*, 72 Wis. 435, 39 N. W. 560; *Weber v. Greenfield*, 74 Wis. 234, 42 N. W. 101; *Miller v. Solvay Process Co.*, and *Hughes v. Russell, supra; Driscoll v. City of Fall River*, 163 Mass. 105, 39 N. E. 1003; *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431.

DUNBAR, J.—Action for alleged personal injuries. The plaintiff was in the employ of the Metropolitan Press Printing Company as a press feeder. On the 6th day of August, 1907, he was ordered by defendant's foreman to return and help do some emergency work that night at about six o'clock. According to instructions he went, and was first put to mixing ink. Mr. Carter, the man who was working with him, started the motor. The belt came off, and Carter requested the plaintiff to assist him in helping to put the belt back on. While attempting to put the belt on, his hand was caught, and his arm torn off at the elbow. The floor, at the time where he was caught, was covered with oil. Plaintiff brought this action, and attempted to recover under the factory act, under a notice which was as follows:

"Seattle, U. S. A., Sept. 9, 1907.
"I was employed by the Metropolitan Press Printing Company on August 6, 1907. On that date at about 6:30 p. m. Dwight Carter and I came in to work. The machinery was not running, and Carter started the motor. The belt slipped off and Carter shut off the power, and we were trying to put

the belt on.   The motor was still running, and I got my hand
caught in between the belt and the motor pulley.   The belt
was in good shape and broke after my hand got caught.

"Witnesses:                         (Signed) Wm. Berger."
"J. A. Moore.
"J. P. Dabney.

The court held that this notice was insufficient to permit
a recovery under the factory act, and the cause proceeded to
trial upon the plaintiff's common law rights and remedies.
At the close of the plaintiff's testimony, the court, on motion
interposed by the defendant, granted a nonsuit.   Judgment
of dismissal was entered, and from such judgment this appeal
is taken.

The assignments of error are to the effect, that the court
erred in holding the notice insufficient; in refusing to permit
plaintiff to amend his complaint; in its rulings upon the ad-
mission and rejection of certain testimony; in holding that
matters in estoppel could not be proved under the pleadings;
and in sustaining defendant's motion for a nonsuit and deny-
ing plaintiff's motion for a new trial.

We will first notice the assignment of error in regard to
the sufficiency of the notice.   The question of the sufficiency of
notices of this character has been under consideration by this
court very many times, and without again citing the particu-
lar cases decided, the announcement has uniformly been to the
effect that the object of such notice was to give the defendant
an opportunity to investigate and examine the place where
the accident is alleged to have occurred, so that it might
intelligently prepare for its defense, or compromise or settle
the claim, if that was thought best, and that, when this was
done, the object of the law was met and its provisions com-
plied with.   But it is the contention of the respondent that a
distinction should be made between cases where the action is
brought against a municipal corporation and where the
claim is waged under the factory act, for the reason that the
effect of the factory act is to preserve to the injured employee
all of his common law rights, and that in addition thereto

it creates another cause of action which he does not have at common law; that the factory act, being in derogation of the common law, should be strictly construed; that the legislature, deeming that by the act it was about to extend the liability of the masters to their servants, thought it wise to safeguard the new liability by requiring that notice should be given to masters of accidents for which it was sought to recover compensation, but that it was only the new or extended liability that it was intended to subject to such safeguard. This, no doubt, is true; but, notwithstanding the intelligent object of the giving of notice to defendant under the factory act must have been exactly the same as the object of the law in prescribing that notice should be given to defendants who were municipal corporations, viz., that justice should be done in each instance, whether it was a common law liability or an additional liability under the statute, when once the right of recovery under the factory act is given, that right should not be so hampered with unreasonable restrictions that it cannot be made available to the party for whose benefit it was enacted. The learned counsel says that the factory act clearly provides that the notice must state the time, place, and cause of the injury, else the action shall not be maintained; that each of these is an essential ingredient in the notice, and the absence therefrom of all or any of these elements will render the notice nugatory; that, without all of them, the notice is materially defective, wholly void, and insufficient to base the statutory cause of action upon. This is undoubtedly true, but the material question is, has the provision of the statute been reasonably complied with. The act provides, Laws of 1905, p. 169, §9:

"No action for the recovery of compensation for injury under this act shall be maintained unless notice of the time, place and cause of injury is given to the employer within six months, and the action is commenced within one year, from the occurrence of the accident causing the injury,"

prescribing that the notice required shall be in writing and signed by the person injured, or some one in his behalf.

· Turning to the notice given, we discover that the time is given, viz., August 6, 1907. It cannot reasonably be contended that the defendant was not notified that the place was the place of business of the Metropolitan Press Printing Company, and that the cause of the action was that the plaintiff's hand was caught, while he was trying to put the belt on, between the belt and the motor pulley. If these things appear in the notice, then the requirements of the statute have been met, and the defendant has been notified of the time, place and cause of action. The plaintiff might have stated further that the reason that his hand was caught between the belt and the motor pulley was that no belt shifter· was employed by the defendant in the running of the machinery. But the statute does not require him to do this, and the demand of the statute is the measure of his duty. It is not presumed that the notice is a technical requirement, such as a bill of particulars which may be called for in the trial of the action; nor is it, we think, fair to presume that the law hedged this notice in with so many restrictions and technical requirements that a working man of ordinary education and ability would be compelled to employ a skilled attorney to prepare the notice which this law requires; nor that the notice, which is a *sine qua non* and which cannot be amended, must be construed more strictly than a technical pleading, which is presumed to be prepared by a technical lawyer, and which may be amended at any time in the interest of justice. Such is not the voice of authority or reason.

We have examined the cases which are cited by the respondent and, in our judgment, they do not bear out its contention, and when the time, place, and cause of action are specified, even under the authorities cited, such notice will be sustained. Some courts have gone so far as to hold that these notices may be contained in separate papers, provided they so refer to each other as to be taken together; and it is said by Dresser on Employers' Liability, §27, that the notice "is to be written in 'ordinary language;' that is, the party

is to use his own untutored language;" citing *Driscoll v. Fall River*, 163 Mass. 105, 39 N. E., 1003. "His own untutored language," it seems to us, is a good, strong expression, and exactly reflects the true intention of the statute. It was also held in *Kennedy v. Lawrence*, 128 Mass. 318, that although the notice is given as a basis of a claim, it need not in terms claim compensation for the injury, since that is not one of the statements which the act requires it to contain. Again, in §28 of the above cited text book, it is said:

"It has already been noted that these statements do not need to be in technical language or in any set form; the notice need not be drafted with the care of a declaration or with a view of setting out a good cause of action. 'The object of the notice is to direct attention with substantial accuracy, not with unerring precision, to the place where an accident has happened.' It is enough if the notice sets out these requisites with such fullness that the defendant is able upon investigation to discover the place and the defect."

We think the requirements of the law were met by this notice, and that no further duty in this respect was imposed upon the plaintiff. Especially is this true if the testimony which was offered by the plaintiff and rejected by the court is true, and it must be assumed to be true for the purposes of this case.

The witness offered the following proof:

"That the plaintiff was sent for by Mr. Piggott, the president of the company, to come there for the purpose of making a statement of the case, which statement he would have to make, that would be a prerequisite to bringing a suit; that he came there by appointment, and was met there by Mr. J. S. Smith and introduced; that J. S. Smith prepared this that we offered to introduce in evidence—this alleged notice—that he prepared it and that it was then signed by this plaintiff and delivered to his foreman—the defendant's foreman; that some days afterwards he went back and asked for a copy and was told by the foreman that it had been delivered to Mr. Smith, and that he would have to go there and see it, and that he went to Mr. Smith and Mr. Smith refused to let him see it."

This offer of testimony, under the objections of defendant, was refused. It is claimed by the learned counsel for the respondent that this testimony, being offered for the purpose of estopping the defendant from denying the sufficiency of notice, should have been pleaded; and it is no doubt true that ordinarily an estoppel should be pleaded. But the complaint alleged the giving of the notice, and the answer, instead of pleading a defective notice, simply denied the giving of any notice on the part of the plaintiff. While it is true, probably, that a plea of *non est factum* might avail the defendant, so far as its own defense was concerned, it would be inequitable to allow such a defense for the purpose of misleading the plaintiff, as it evidently did mislead him in this instance, the natural inference from the denial being that the issue raised by the answer and the complaint was the issue of whether any notice had been given, and not of whether a defective notice had been given. Under the circumstances shown by this offered testimony, it seems to us it would be exceedingly unjust to allow a plea of want of notice on the part of the defendant to defeat plaintiff's action under the factory act.

We also think that the court exceeded its proper jurisdiction and impinged upon the province of the jury when this nonsuit was granted. There was testimony to the effect that this was a very defective belt; that it was old and made of different pieces; that it curled up at the edges, and was running on crooked pulleys which tended to throw it off; that the defendant was aware of the defective condition of this belt, and that the plaintiff was not; that he was not engaged in his regular employment, or the employment in which he had had experience, when this accident occurred. This testimony was offered by men of experience who were seemingly disinterested witnesses, and we think there was sufficient testimony in regard to the negligence of the defendant to pass to the consideration of the jury.

The judgment will therefore be reversed.

RUDKIN, C. J., CROW, MOUNT, and PARKER, JJ., concur.