[No. 10672. Department One. November 2, 1912.]

## Lloyd Jones, *Respondent*, v. T. P. Francis *et al.*, *Appellants.*[1]

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLI-GENCE—METHODS OF WORK. An employee in a shingle mill is not guilty of contributory negligence, as a matter of law, where he was engaged in drawing a heavy shingle block to the bolter saw, with his back to the saw, when the picaroon slipped or drew out of the block through some unknown cause, causing him to fall against the saw, which was unguarded.

SAME—SAFE PLACE—GUARDING MACHINERY UNDER FACTORY ACT—NOTICE OF ACCIDENT—SUFFICIENCY—CORPORATIONS—DISSOLUTION. An employee's notice of an accident by reason of the unguarded con-dition of a saw, required by the factory act, Rem. & Bal. Code, § 6595, to be given the employer, is sufficient if given to a corpora-tion that had been dissolved by the secretary of state for nonpay-ment of its license fees, where it was at the time believed by all parties that the corporation had an existence and its mill was being operated in its name by its trustees who received the notice.

CORPORATIONS—DISSOLUTION—ABSORPTION BY NEW CORPORATION—LIABILITY. Where an old corporation had been dissolved by the secretary of state for nonpayment of its license fees, without notice to its trustees, who, when they learned of the fact, organized a new corporation and conveyed to it all the assets without other con-sideration than the issue of its capital stock to the old stock-holders, thereby absorbing the old company, the new corporation is liable upon all the obligations of the old corporation.

ABATEMENT AND REVIVAL—AGAINST CORPORATION—DISSOLUTION. The dissolution of a corporation by the secretary of state for non-payment of its license fees will not abate an action for personal injuries brought against it by an employee, where the assets were all transferred to the trustees and by them to a new corporation which assumed all the obligations and was an absorption or con-tinuation of the old corporation.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered February 5, 1912, upon findings in favor of the plaintiff, in an action for personal injuries

[1]Reported in 126 Pac. 307.

sustained by an employee in a shingle mill, after a trial on the merits to the court.  Affirmed.

*John P. Hartman, C. D. Cunningham, Forney & Ponder,* and *Dysart & Ellsbury,* for appellants.

*Gus L. Thacker* and *Hayden & Langhorne,* for respondent.

GOSE, J.—This is an action to recover damages for personal injuries sustained by an employee.  The case was tried to the court, and a judgment for $5,000 was entered against all the defendants.  This appeal followed.

The court found, and the evidence shows, that between July 17, 1900, and February 23, 1910, the Chehalis River Lumber Company, hereafter called the old corporation, was a Washington corporation organized for the purpose of manufacturing timber products and engaged in the operation of a shingle mill; that, on the date last stated, it had assets exceeding $100,000 in value; that the appellants Francis and the Davies were the trustees and only stockholders; that Francis was its president and manager; that, for some years prior to the date last stated, it had failed to pay its annual license fee to the state; that on that date the secretary of state dissolved it and caused its name to be stricken from his records; that it had no actual notice thereof; that thereafter and until January 28, 1911, it continued to exercise its corporate powers and privileges, employed many persons to labor in its mill, and paid them with its check drawn by its manager in its corporate name; that, on and prior to July 26, 1910, the respondent was employed in its mill and that he had no notice of its dissolution; that on the date last stated he was injured while in the performance of his work as a deck hand, in an unguarded bolter saw which could have been reasonably and practicably safeguarded; that, on September 26, he caused a written notice of the time, place, and cause of the accident to be served upon the appellant Francis,

who was then acting as its president and manager and had active charge of its business in the operation of its mill. The court further found that, in January, 1911, the appellants Francis and the Davies became aware of the dissolution of the corporation by the secretary of state; that they then, in an *ex parte* proceeding, procured an order to be entered in the superior court of Lewis county, directing them as trustees of the corporation to transfer to themselves all the property and assets of the corporation, and that they made the conveyance as directed by the order; that they then as individuals organized the appellant corporation, the Chehalis River Lumber and Shingle Company, hereafter called the new corporation, and conveyed such assets and property to it, without consideration except that it issued to them as individuals its shares of its capital stock in the ratio of their former respective interests in the old corporation, and that the new corporation did not acquire any other assets or property; that the objects of both corporations are identical; that the latter was only a continuation of the former, and that it assumed all its debts and liabilities and all the debts and liabilities that had accrued during the period of its dissolution. There was a further finding that the respondent had no notice of the dissolution of the old corporation until January 30, 1911, and more than six months after he sustained his injuries.

The first question urged by the appellants is that the respondent was guilty of contributory negligence. The respondent was engaged in drawing a heavy, water-soaked shingle block from the drag saw to the bolter saw, with his back to the latter, when the picaroon which he was using for that purpose slipped or drew out of the block, causing him to fall against the bolter saw, with the result that his right hand was cut off above the wrist. He testified that he did not know what caused it to draw out of the block. These facts do not show contributory negligence. The purpose of the factory act is to require safeguards to be provided in

factories, mills, and workshops where machinery is used with which the employees are liable to come in contact, where it is practicable to do so with due regard to the ordinary use of such machinery, to the end that the dangers incident to the employment may be eliminated so far as a compliance with the terms of the statute may accomplish that object. In short, its object is to protect the workman from the dangers incident to his employment which are not the result of some negligent act on his part.

Timely notice in writing of the time, place, and cause of the injury was given to the old corporation by serving it upon the appellant Francis, its president, manager, and trustee. The notice states that the injury was sustained by reason of its failure to guard the bolter saw. The notice stated further that the injury was suffered while in its employ, at a mill operated by it near Centralia. The appellant contends that this was not notice to the "employer," as required by the factory act, Laws 1905, page 169, § 9 (Rem. & Bal. Code, § 6595). This contention is made upon the theory that, when the secretary of state has entered upon his records a notation that a corporation is dissolved, it ceases to have a corporate existence, and that, under the provisions of Rem. & Bal. Code, § 3715d, "The trustees of such corporation shall hold the title to the property of the corporation for the benefit of its stockholders and creditors, to be disposed of under appropriate court proceedings," and that the trustees *ipso facto* became the employer. If the dissolution be conceded, although it may well be doubted under the view taken in *State ex rel. Preston Mill Co. v. Howell*, 67 Wash. 377, 121 Pac. 861, the deduction is not sound. When the notice was given, it was believed by all the parties that the old corporation had an existence and its mill was being operated by its trustees through Francis, its manager, in the usual way. While the notice is addressed to the old corporation and recites that the respondent was its employee, it was served upon the president, manager and trustee, and it im-

parted all the information to him which the statute requires. As was said in *Falldin v. Seattle*, 50 Wash. 561, 97 Pac. 658, the object of the notice is "notice." It was held in that case that the notice will be liberally, that is, fairly and reasonably, construed, and that if "a person of common understanding can tell from the notice what it meant, that is sufficient." *Berger v. Metropolitan Press Printing Co.*, 55 Wash. 422, 104 Pac. 617, is to the same effect. In *Hase v. Seattle*, 51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938, it was held that a notice must be construed with all the liberality of a pleading. In discussing the liberal rule of construction applicable to a notice of this kind, it was said in *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431:

"This court has uniformly placed a liberal construction upon the requirements of such notice, holding that the notice had a common-sense object, viz., to apprise the officers of the municipality of the location, so that it might be examined with a view to preparing a defense to the action if it was thought a defense should be made; that if it directs the attention of said officers with reasonable certainty to the place of the accident, the requirements of the notice have been met; and that it was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants."

The only purpose in the mind of the lawmakers, in requiring notice of an injury to be given under the factory act, was that the employer might be advised of the time, place, and cause of the injury within the time described in the statute, in order that he might have an opportunity to investigate the merits of the claim. In the light of this purpose, under a fair and reasonable interpretation of the statute, it would seem absurd to hold that the notice was insufficient.

There remains to be considered the contention that there is no liability upon the part of the new corporation. The argument is that the trustees of the old corporation were the respondent's employers at the time he sustained his injury, that there was no liability upon the part of the old corpora-

tion, and hence there can be no liability against the new one. The argument is technical. The new corporation took over the assets of the old one, without any consideration other than to issue its capital stock to the stockholders of the latter in the ratio of their former holdings. The objects, assets and the stockholders of the two corporations are identical. It was not a sale, but an absorption of the assets of the old corporation. These assets exceeded $100,000. The law would indeed be impotent if it could afford the respondent no remedy against the new corporation. Nor will it require him to prosecute two suits when one will suffice. In either event, in the end the result would be the same; that is, the new corporation would have to respond to the liability. It is in reality, as the court found, a mere continuation of the old corporation; that is, it is the same entity under a different name. We are in hearty accord with the rule announced under such circumstances in Clark and Marshall on Private Corporations, page 1000, as follows:

"It seems to have been held that the general rule [that all actions abate on dissolution] does not apply where the circumstances attending the creation of a new corporation, and its succession to the property, franchises, and business of another corporation, are such as to show that the new corporation is in reality, however, it may be in law, a mere continuation of the old corporation; or, in other words, that although technically, as a matter of law, a new corporation may be created, yet, if the old corporation ceases to exist, and all its assets and franchises are acquired by the new, which is in reality a mere continuation of the old, the new corporation is to be held to have impliedly assumed, and is liable upon, all the obligations of the old."

The same general principle was applied in the following cases: *Chase v. Michigan Tel. Co.*, 121 Mich. 631, 80 N. W. 717; *Grenell v. Detroit Gas Co.*, 112 Mich. 70, 70 N. W. 413; 10 Cyc. 306; Clark and Marshall, Private Corporations, p. 1000; *Austin v. Tecumseh Nat. Bank*, 49 Neb. 412, 68 N. W. 628, 59 Am. St. 543, 35 L. R. A. 44; *Friedenwald*

*Co. v. Asheville Tobacco Works & Cigarette Co.*, 112 N. C. 544, 23 S. E. 490; *Berry v. Kansas City, Ft. S. & M. R. Co.*, 52 Kan. 774, 36 Pac. 724, 39 Am. St. 381; *Langhorne v. Richmond R. Co.*, 91 Va. 369, 22 S. E. 159; *Cleveland C. C. & St. L. R. Co. v. Prewitt*, 134 Ind. 557, 33 N. E. 367; *Chicago, R. I. & Pac. R. Co. v. Moffitt*, 75 Ill. 524; *State, Use of Dodson v. Baltimore & L. R. Co.*, 77 Md. 489, 26 Atl. 865.

The judgment is affirmed.

MOUNT, C. J., CROW, PARKER, and CHADWICK, JJ., concur.