## JACOB SCHAIBLE v. MARY A. ARDNER.

*Fraudulent conveyances—Rights of creditors—Bona fide purchaser.*

1. Where a voluntary conveyance operates to the injury of creditors, it is immaterial whether or not the grantee participated in the fraudulent design; citing *Matson v. Melchor*, 42 Mich. 477; *Reeves v. Sherwood*, 45 Ark. 520.

2. Where land is conveyed in fraud of creditors, the burden of proof is upon the second grantee to show that he purchased in good faith, and for a valuable consideration; citing *Berry v. Whitney*, 40 Mich. 65; *Letson v. Reed*, 45 Id. 27; *Davis v. Nolan*, 49 Iowa, 683.

3. How. Stat. § 6203, which voids a conveyance if made with intent to hinder, delay, or defraud creditors or *other persons* of their lawful suits, damages, forfeitures, debts, or demands, protects the holder of a demand against the grantor for the taking and converting of personal property upon which suit had been commenced before the deed was made, and upon which judgment is afterwards obtained.[1]

4. After the commencement of a suit against a father, he conveyed his land to one of his sons without any valuable consideration, and assigned to another son a mortgage, which conveyances left him without property or means to pay the judgment subsequently rendered against him. After an execution had been levied on the land it was conveyed by the son, and the grantee filed a bill to remove the cloud created by the levy. And it is held that the fraudulent intent of the father in making the deed was sufficiently established by proof of the foregoing facts.[2]

5. Evidence that a grantee was without means to purchase, and that the grantor was without the proceeds which should have resulted from such purchase, tends to prove that the conveyance was without valuable consideration.

Appeal from Washtenaw.   (Kinne, J.)   Submitted on briefs October 27, 1893.   Decided December 8, 1893.

Bill to remove a cloud from title.   Defendant appeals.

[1] See *Cole v. Call*, 79 Mich. 159, 162.
[2] See *Cutcheon v. Buchanan*, 88 Mich. 594.

Decree reversed, and one entered here as prayed by defendant. The facts are stated in the opinion.

*T. A. Bogle* (*B. M. Thompson,* of counsel), for complainant.

*A. J. Sawyer* (*J. F. Lawrence,* of counsel), for defendant.

McGRATH, J. This is a bill to remove a cloud (a levy) from the title of certain lands conveyed by John B. Schaible to David Schaible, and by David Schaible to complainant, and levied upon under an execution issued upon a judgment in favor of defendant against John B. in an action of trespass for the taking of certain personal property. Defendant sets up that the conveyances were fraudulent, and asks affirmative relief.

John B. is the father of David and complainant. The suit at law was commenced January 11, 1889. On September 11, 1889, John B., by warranty deed, conveyed the lands in question, consisting of 170 acres, to David. The consideration expressed in the deed was $9,350. On the same day John B. transferred to another son a mortgage of $1,700. On May 10, 1890, defendant recovered judgment for $2,200. On January 29, 1891, an alias execution issued, and a levy was made on this land. On March 9, 1891, David conveyed to complainant. The consideration named in this deed was $1,800, and the deed was subject to "a mortgage of $5,000." Complainant gave his note to David for $1,700, payable "three years after date, with interest at 5 per cent." On the same day David made his will in favor of his three brothers, John, George, and Jacob. David died April 9, 1891, and the only asset of his estate was said note. Complainant paid the debts and expenses of the estate, which aggregated $202.90, and gave to each of his brothers, John and George, a note for $499.43, and the original note was surrendered to him. Complainant, called

by defendant, testified that the understanding between them was that the notes to John and George were not to be paid until this farm was sold.

Complainant offered the deeds from John B. to David and from David to complainant, and the levy, and rested. Defendant's proofs clearly tend to show that David, at the time of the conveyance to him, lived with his father, and had no means or property. The bill sets up that John B. is insolvent and financially irresponsible; and complainant, when called by defendant, testified that after September 11, 1889, his father had no means or property. There was also proof that after the conveyance to David, and, indeed, after the deed to complainant, John B. exercised acts of control over the lands in question. Complainant and his father were present in court while the testimony was taken, and were not called to rebut any presumptions arising from this showing.

It was sufficient for defendant to show an existing demand, upon which judgment was subsequently had; that the conveyances by John B. left him without property or means to pay that judgment; and that the conveyance to David was without valuable consideration. The first two propositions were conceded. The showing that David was without means to purchase, and that John B. was without the proceeds, clearly tended to establish the remaining proposition. It was unnecessary to offer further proof of fraudulent intent. A party is presumed to intend the natural and necessary consequences of his own acts, and, when prejudice to the rights of creditors results, the act is constructively fraudulent, notwithstanding good motive or intentions. *Winchester v. Charter*, 97 Mass. 140; *Potter v. McDowell*, 31 Mo. 62; *Farrow v. Hayes*, 51 Md. 498; *Allan v. McTavish*, 8 Ont. App. 440; *Phelps v. Curts*, 80 Ill. 112; *Bank v. Wheaton*, 8 Me. 381; *Roberts v. Radcliff*, 35 Kan. 502; *Babcock v. Eckler*, 24 N. Y. 632; *Morrill v.*

*Kilner,* 113 Ill. 318; *Bohannon v. Combs,* 79 Mo. 305.
The conveyance being voluntary, it is immaterial whether
or not the son participated in the design. *Matson v.
Melchor,* 42 Mich. 477; *Reeves v. Sherwood,* 45 Ark. 520.
The levy was notice to complainant. *Cook v. French,* 96
Mich. 525. In any event, the conveyance to his grantor
being fraudulent, the *onus* was upon him to show that he
purchased in good faith, and for a valuable consideration.
*Berry v. Whitney,* 40 Mich. 65; *Letson v. Reed,* 45 Id. 27;
*Davis v. Nolan,* 49 Iowa, 683.

It is insisted that defendant was not at the time of the
conveyance a creditor, within the meaning of the statute.
How. Stat. § 6203. The statute protects not alone " cred-
itors," strictly speaking, but " other persons, of their law-
ful suits, damages, forfeitures, debts, or demands." In
*Hill v. Bowman,* 35 Mich. 191, the decision was placed
upon the ground that fraud was not shown. The same is
true of *Brown v. Dean,* 52 Mich. 267. The statute was
held, however, to apply in *Beam v. Bennett,* 51 Mich. 148,
where the conveyance was after verdict, but before judg-
ment, in an action for breach of promise of marriage.
Although the verdict had reduced the amount of plaintiff's
damages to a certainty, yet, under *Detroit Post & Tribune
Co. v. Reilly,* 46 Mich. 459, there was no debt until entry
of judgment. In *Pashby v. Mandigo,* 42 Mich. 172,
Mandigo was a co-surety with Pashby, and before the
maturity of the paper conveyed his property to his son.

The construction of the word " creditors " in *Hill v.
Bowman* is a narrow one at best, and the language employed
wholly overlooks the other terms employed in the statute,
and necessarily excludes them. It is certainly difficult to
comprehend why the language " other persons " having law-
ful suits, damages, or demands, should be disregarded.
Similar statutes have been construed in other states, and

a consensus of the decisions is given in the text of 8 Amer. & Eng. Enc. Law, 750, where it is said:

"A creditor, in this connection, is not necessarily the holder of a debt merely, as that term is generally understood; for one having a legal right to damages capable of judicial enforcement is a creditor, within the meaning of the statutes and law upon the subject of fraudulent conveyances."

The authorities cited—and they are numerous—support the text.

In the present case defendant had a demand for the taking and conversion of property upon which suit had been commenced, and upon which judgment was afterwards obtained, and we think she is clearly within the protection of the statute. At common law, subsequent creditors are entitled to relief as against fraudulent conveyances made in anticipation of liability, and there is no reason why defendant should not be aided by any presumption which existing creditors would be entitled to avail themselves of.

The decree below is reversed, and a decree entered here for defendant, in accordance with her prayer, with costs of both courts.

The other Justices concurred.