GRENELL *v.* DETROIT GAS CO.

CORPORATIONS—SALE OF PROPERTY—RIGHTS OF CREDITORS.

A corporation which acquires the entire property of another corporation under an arrangement which has the effect of distributing the assets of the latter among its stockholders, to the exclusion of creditors, takes the property subject to the payment of the debts of its vendor, including a judgment subsequently recovered against it in an action for negligence which was pending at the time of the transfer.

Appeal from Wayne; Donovan, J.    Submitted February 2, 1897.    Decided March 10, 1897.

Bill by Inez B. Grenell against the Detroit Gas Company and others to establish a trust in the property of the Michigan Gas Company, transferred by it to the defendant the Detroit Gas Company, sufficient to satisfy a judgment in favor of complainant.    The defendant the Detroit

Gas Company appeals from an order overruling its demurrer to the bill.    Affirmed.

*Fraser & Gates*, for complainant.

*Wells, Angell, Boynton & McMillan*, for appellant.

HOOKER, J.    The complainant's bill charges that on June 28, 1895, she recovered a judgment against the Michigan Gas Company of Detroit for damages sustained through its negligence on December 2, 1891, upon which action was begun April 9, 1892; that execution issued, and was returned unsatisfied for want of property upon which to levy the same; and that the amount is now due and unpaid.    It alleges, further, that said company is a domestic corporation, with an authorized capital of $3,000,-000, and that on December 2, 1891, said company was possessed of a large amount of property, real and personal; that it was then engaged in supplying and selling gas to the public; that on November 22, 1892, the Detroit Gas Company, another domestic corporation, was organized, its capital stock being fixed at $4,000,000, its objects including all of the objects for which the Michigan Gas Company was formed; that Frank P. Byrne, theretofore manager of the Michigan Gas Company, was instrumental in organizing the Detroit Gas Company; and that it was designed by its organizers to be, and in fact was, the successor of said Michigan Gas Company.    It is alleged, further, that on February 1, 1893, the stockholders of the Michigan Gas Company held a meeting, and adopted a resolution whereby it purported to authorize its officers to sell and convey to the Detroit Gas Company all of its property; and that it was on February 1, 1893, duly conveyed to one Camille Weidenfield, by said officers, who, in turn, conveyed the same to the Detroit Gas Company, said Camille Weidenfield being a mere instrument through whom said conveyance to the Detroit Gas Company was made, and never having had any personal interest in the concern or its property.    It is alleged, further, that the

real consideration for said conveyance was, in part, the transfer by said Byrne, to the stockholders of the Michigan Gas Company, of shares of stock in the Detroit Gas Company, in furtherance of the arrangement theretofore made, and that they were the real owners of such stock, instead of said Byrne; that the officers, directors, and stockholders of said Michigan Gas Company, or at least some of them, were aware of the complainant's claim and the pendency of her action, and yet joined in such a transfer as to place all of the property of said company beyond the reach of execution. The bill prays discovery, and that said Detroit Gas Company be decreed to hold the said property of said Michigan Gas Company in trust for the payment of complainant's said claim, and that it pay the same, or that sufficient of said property be sold to that end. A demurrer was filed, which was overruled, and the defendant the Detroit Gas Company appeals.

If this transaction be viewed in the light that the defendant appears to desire it to be, viz., that these corporations are separate entities, and that the Detroit Gas Company purchased the property of the Michigan Gas Company, yet the bill shows that such purchase included all of the property of the vendor. It must have known, or, if not, it was its duty to understand, that nothing was reserved to pay outstanding indebtedness, if there were any. It paid nothing to its vendor for this plant, but dealt with its stockholders, paying to them, in its own capital stock, the price of its purchase; thus, in effect, closing out the corporate business, and dividing its assets among its stockholders. Under such circumstances, we think a legitimate inference is that the purchase was made subject to the application of so much of the property as might be necessary to the payment of the debts of the Michigan Gas Company, if not with the understanding that all debts should be paid by the purchaser. *Berry* v. *Railroad Co.*, 52 Kan. 774 (39 Am. St. Rep. 381). Again, a corporation cannot sell all of its property, and take in payment stock in a new corporation, under an arrangement

that has the effect of distributing the assets of the vendor among its stockholders, to the exclusion and prejudice of its creditors; and a company making such a purchase, in consideration of an issue of its own stock to such stockholders, takes the property subject to the rights of creditors. Such an arrangement is a diversion of the trust fund.

It is said that there is nothing to show an intention to defeat the creditors of the Michigan Gas Company, as this was not a liquidated claim at the time this transfer was made. See *Schaible* v. *Ardner*, 98 Mich. 70. Under the arrangement, the promoters and stockholders of the Detroit Gas Company knew that it was getting all of the property of the Michigan Gas Company, without provision for its debts, if there were any. It was bound to know that this property was charged with such debts, and ought not to be distributed among the stockholders to the exclusion of creditors. It was a party, then, to a diversion of the trust fund, and, having in its possession such fund, holds it subject to the payment of debts. It cannot be called a *bona fide* purchaser of the property, as against existing creditors. See *Chicago, etc., R. Co.* v. *Third Nat. Bank of Chicago*, 134 U. S. 276; *Vance* v. *Coke Co.*, 92 Tenn. 47. Counsel cite the following cases, which seem to support this view: *National Bank of Jefferson* v. *Texas Investment Co.*, 74 Tex. 437; *San Francisco, etc., R. Co.* v. *Bee*, 48 Cal. 398; *Blair* v. *Railroad Co.*, 22 Fed. 36; *Mott* v. *Insurance Co.*, 16 Fed. 140; *Hibernia Ins. Co.* v. *St. Louis, etc., Transp. Co.*, 13 Fed. 516; 5 Thomp. Corp. §§ 6542, 6543. See, also, *Schaible* v. *Ardner*, 98 Mich. 70.

We think it unnecessary to discuss the other questions raised. The decree is affirmed, with costs, and the cause remanded, with leave to the defendant to answer within 20 days after the filing of the decree of this court.

The other Justices concurred.