## James B. Swing, Trustee, v. American Glucose Company and Glucose Sugar Refining Company.

### Gen. No. 4,452.

1. PARTIES—*who not necessary, to proceeding to wind up mutual insurance company.* All members of a mutual insurance company are not necessary parties to a proceeding to wind up the same.

2. ASSESSMENT—*effect of decree making, against non-resident member of mutual insurance company.* A decree entered in a proceeding to wind up a mutual insurance company making an assessment upon the members of such company, if binding upon the resident members thereof, is, likewise, binding upon the non-resident ones.

3. CONSOLIDATION—*effect of, as to liability of absorbing corporation to pay debts of merged corporation.* Where one corporation is merged in and consolidated with another, the latter corporation becomes chargeable with the debts of the former.

4. ASSUMPSIT—*when lies, notwithstanding action is predicated in part upon decree.* Assumpsit lies to recover an assessment made by decree of court in a proceeding to wind up a mutual insurance company, where the liability for the assessment is primarily based upon statute.

Action of assumpsit. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed October 25, 1905.

PATTERSON A. REECE and ELLWOOD & MEEK, for appellant.

STEVENS & HORTON, for appellee, Glucose Sugar Refining Company.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action in assumpsit brought by James B. Swing as trustee for the creditors and policy-holders of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, dissolved, against The American Glucose Company and the Glucose Sugar Refining Company, which companies will hereinafter be called the American Company and the Refining Company. The plaintiff filed a second amended declaration which will hereinafter be called the declaration. The record before us contains a demurrer thereto by the Refining Company and does not contain any pleading by the American Company. The record, however, recites that the defendants demurred; that the court sustained the demurrer; that plaintiff elected to abide by the declaration; and contains a judgment against plaintiff in favor of both defendants for costs. Plaintiff appealed and the appeal bond runs to both defendants. The Refining Company is the only appellee filing a brief here, and it states that the other defendant filed a plea in abatement in the court below. However that may be, the judgment was that both defendants go without day and recover their costs of plaintiff.

The first question of importance is whether the declaration states a cause of action against the American Company. It charges that the Union Mutual Fire Insurance Company of Cincinnati, Ohio, (hereafter called the Insurance Company) was a mutual fire insurance company incorporated May 27, 1887, under the laws of Ohio; that it was doing business as such during the years 1888, 1889, and 1890; that the American Company held twelve policies of insurance in said Insurance Company, giving the number of each policy, the amount insured thereby, the dates between which such policy was in force, and the amount of

the annual premium for such policy. These dates show some of these policies were in force in 1888, some in 1889 and all in 1890. The declaration further alleges that during the years when these policies were outstanding there were in force certain statutes of Ohio which are set out in full in the declaration. These statutes fix upon holders of policies in mutual fire insurance companies a contingent liability during the time such policies are effective, which shall not be less than three nor more than five annual cash premiums as written in the policy, which shall be subject to call by the board of directors. Said statutes also make every policy-holder in a mutual company a member during the period of insurance, and bind him to pay losses and necessary expenses in proportion to the amount of his contingent liability, and provide for the manner of making assessments therefor. The declaration avers that the American Company, by accepting and holding said policies, became liable for its proportion of all losses and expenses during the time it held said policies, and became liable to pay such assessments on the amount of said contingent liability as should be required by law.

The declaration then sets out certain proceedings in the Supreme Court of Ohio. We do not consider this part of the declaration a model of common-law pleading. We think it should have averred that the state of Ohio on the relation of its attorney general filed in said court a petition against said Insurance Company to have it declared insolvent, a receiver or trustee appointed to realize on and apply its assets, and for the dissolution of the corporation, if such was in fact the tenor of the petition; and should then have shown by averment that jurisdiction of the Insurance Company was obtained, the appointment and qualification of plaintiff as trustee, and the substance and legal effect of the decree rendered in said cause. Instead thereof, after averring that the Supreme Court of Ohio, on December 18, 1890, in case No. 2541 of said court, appointed plaintiff trustee for the creditors and policy-holders of said Insurance Company, and that the plaintiff accepted the

trust and qualified, and is acting as such trustee, and brings this action pursuant to a decree of said court of June 11, 1901, the declaration then alleged " that the Supreme Court of Ohio in said cause No. 2541 took the actions and proceedings as are set out in the following certified transcript." Then follows a copy of what purports to be a certified transcript of docket and journal entries of the Supreme Court of Ohio in case No. 2541, entitled " Ohio ex rel. David K. Watson, Attorney General, plaintiff, v. The Union Mutual Fire Insurance Company of Cincinnati, Ohio, defendant." The transcript is a mere abstract or index of the docket entries. It shows the filing of a petition under the title above quoted. It does not show its contents. It shows when a summons was issued, but does not show against whom, nor its contents. The return to the summons is set out in full, and shows service upon an officer of said Insurance Company by copy. A journal entry under date of December 18, 1890, is set out in full, and shows that the case came on to be heard upon the petition of plaintiff and the answer of defendant, and finds plaintiff entitled to the judgment prayed for, and adjudges that the Insurance Company is insolvent, and ousts it of its franchises, and appoints James B. Swing trustee for its creditors and stockholders, and approves his bond. The decree of June 11, 1901, is also set out in full. It finds that the court has full jurisdiction of the subject-matter and of the Insurance Company; that said Insurance Company was insolvent when it ceased doing business December 18, 1890; that it is necessary to make an assessment on all persons who are liable to pay its debts, for the purpose of paying fire losses and its other liabilities and the expense of winding up its affairs; that its unpaid liabilities were incurred between April 25, 1889, and December 18, 1890, and that all persons who held policies of insurance in said company during the time the unpaid liabilities were incurred are liable for their just proportion of said liabilities and of the expense of winding up the affairs of the company. The decree divided the time during which such unpaid liabilities were incurred

into seven quarters of three months each, and determined the amount of unpaid liabilities incurred during each of said quarters, and the total amount of unpaid notes and contingent liabilities available for the payment thereof; and made an assessment of a certain per cent. upon such unpaid premium notes and contingent liabilities for such quarter. The trustee was ordered to give notice to those so liable and after thirty days to sue those who did not pay.

We are of opinion that the declaration sufficiently charges that in a proceeding instituted in the Supreme Court of Ohio by the state on the relation of its attorney general against said Insurance Company, an Ohio corporation, jurisdiction of said corporation was acquired and it appeared and answered; that there was a hearing of the case; that the court found that it had jurisdiction of the defendant and of the subject-matter and that the defendant was insolvent, ascertained and fixed the indebtedness required to be paid and during what periods it was incurred, and made the assessments required upon the contingent liabilities of those holding policies during said several periods, and authorized and directed a trustee of its appointment to collect such assessments. The declaration states the amounts of said assessments under each of said policies held by the American Company, and the total thereof; notice by registered mail to the defendants to pay such assessment within thirty days; that by reason thereof defendants became liable to plaintiff for the sum so assessed under said policies, and being so indebted in consideration thereof promised plaintiff to pay him said sum on request; yet though often requested, defendants have not paid the same nor any part thereof to the plaintiff, etc.

It is objected that the declaration does not show said decree is binding on the American Company, because it does not allege that the latter was a party to that suit and duly notified thereof. Under the allegations of the declaration above set forth the American Company was a member of said Insurance Company. A member of that company was

not a necessary party to the suit under the principles laid down in Great Western Telegraph Company v. Gray, 122 Ill. 630; Sanger v. Upton, 91 U. S. 56; Hawkins v. Glenn, 131 U. S. 319; Glenn v. Liggett, 135 U. S. 533; Mutual Fire Insurance Company v. Phœnix Furniture Company, 108 Mich. 170; and cases cited in those decisions. The principle of these decisions is that the stockholders and members of a corporation are an integral part of the corporation, and that in such matters as this they are represented in court by the corporation, and that such a decree against the corporation is not open to collateral attack by the stockholders or members when sued upon an assessment so made by a court having jurisdiction of the corporation. As the decree of the Supreme Court of Ohio is binding upon the members of the Insurance Company in Ohio, the home of the corporation, it is also binding upon the members in this state in an action to recover the assessment. Mutual Fire Ins. Co. v. Phœnix Furniture Co., *supra*. It follows in our opinion the declaration states a good cause of action against the American Company.

Does it state a cause of action against the Refining Company? The declaration alleges that the Refining Company is a corporation; that "as such on the 9th day of August, 1897, without valuable consideration other than issues of its stock to the stockholders of said American Glucose Company, it became possessed of the assets of the said American Glucose Company, which assets were sufficient to pay all of the liabilities of said latter company, including the liability to the assessment herein set forth, and the assets and business of said American Glucose Company became merged into and consolidated with said Glucose Sugar Refining Company, and said latter company thereby became liable for this debt of said American Glucose Company." Appellee, the Refining Company, states in its brief that this allegation is not true; but for the present purpose we must take it as strictly and literally true, for it is confessed by the demurrer. As the demurrer admits that the American Company became merged into and consolidated with the

Refining Company and that the latter received all the assets of the former without any valuable consideration except the issue of its stock to the stockholders of the American Company, we are of opinion that the Refining Company became liable for the debts of the American Company and that whatever judgment or decree binds the latter also binds the former. The cases so holding are collected in the note to C. & I. Coal Co. v. Hall, 23 L. R. A. 231. To the same general effect are Livingston Co. Agricultural Society v. Hunter, 110 Ill. 155; C. S. F. & C. Ry. Co. v. Ashling, 160 Ill. 173; and C. & J. E. Ry. Co. v. Ferguson, 106 Ill. App. 356. The cases also hold the remedy is at law.

It is argued that this is a suit upon the decree, and therefore should be in debt instead of assumpsit. We hold this is a suit to enforce the contract liability which arose when the American Company took out these policies in a mutual fire insurance corporation of Ohio, while the statutes pleaded in the declaration were there in force and entered into the contract. The decree provided a trustee to bring the suit and distribute the proceeds, and it fixed the percentage of liability, and made an assessment, and this suit is brought pursuant to the directions of that decree; but still the cause of action is the liability arising by virtue of the Ohio statutes under the contracts of insurance entered into between the Insurance Company and the American Company.

We are of opinion that the court erred in sustaining the demurrer to the second amended declaration. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*