JAMES B. SWING v. EMPIRE LUMBER COMPANY.[1]

August 14, 1908.

Nos. 15,389—(238).

**Complaint—Consolidation of Corporations.**

Complaint considered, and *held* insufficient, in that it does not allege that the corporation organized under the laws of Wisconsin was merged into or consolidated with respondent company, a corporation organized later under the laws of Minnesota. It does not appear from the complaint that, in purchasing the assets, the latter company assumed the indebtedness of the former. The facts pleaded do not warrant the inference that the sale and purchase were accomplished for the fraudulent purpose of avoiding the debts of the selling company.

Action in the district court for Winona county by the trustee for the creditors of an insolvent mutual fire insurance company to recover from respondent company, as successor of the Empire Lumber Company of Wisconsin, an assessment of $533.18 claimed to be due upon certain policies of insurance. From an order, Snow, J., sustaining a demurrer to the second amended complaint, plaintiff appealed. Affirmed.

*Webber & Lees, Herbert M. Bierce* and *Patterson A. Reece,* for appellant.

*Brown, Abbott & Somsen,* for respondent.

LEWIS, J.

The purpose of this action is to recover from respondent company as successor of the Empire Lumber Company of Wisconsin, the amount claimed to be due as an assessment upon certain policies of insurance held by the Wisconsin corporation during 1888, 1889, 1890. That particular part of the complaint which it is necessary to consider reads: "That on the 14th day of June, 1899, the defendant was incorporated under the laws of the state of Minnesota, and then succeeded to and acquired all the property, assets, and rights of the

[1] Reported in 117 N. W. 467.

Empire Lumber company, the Wisconsin corporation, by deed or otherwise, which assets were sufficient to pay all the liabilities of said Wisconsin corporation, including the liability to assessment herein set forth, and the assets and business of said Wisconsin company became merged into and consolidated with said defendant company, and said defendant company did not pay for said assets otherwise than by the issuing of stock of the defendant company to persons who had been stockholders in said Empire Lumber company, the Wisconsin corporation, and that the stockholders of said defendant corporation are practically the same as the stockholders of the said Wisconsin corporation, and. that said Wisconsin corporation divested itself of all its property, assets, and rights, which were so acquired by the defendant corporation, and the said Wisconsin corporation then ceased to be and discontinued doing business as a Wisconsin corporation as a going concern; that the Minnesota corporation has continued the business which the said Wisconsin corporation has formerly carried on, and that by reason of the premises the defendant is liable for the debts and to the creditors of the said Wisconsin corporation for all sums of money due them, including the liability to assessment herein set forth."

The trial court sustained a demurrer to the complaint upon several grounds; but we shall consider only the objection directed to the portion of the complaint above set out, conceding that in other respects it states a good cause of action. If the complaint fails to state that the two companies were consolidated, or that the Wisconsin company was merged into the Minnesota company, or that the Minnesota company purchased the assets of the Wisconsin company, under such circumstances as to make it liable for the debts of that company, then the demurrer was properly sustained.

What constitutes a consolidation, or a merger, of two or more corporations is well stated by Mr. Thompson, as follows: "The consolidation of two or more corporations is like the uniting of two or more rivers; neither stream is annihilated, but all continue in existence. * * * So it is with a consolidated corporation. A new corporation is formed, but not in the sense which works a destruction of the rights of action existing against the old one. Independently of stat-

ute, the better view, is that the new one is liable for any debts, obligations, or rights of action of any kind existing in favor of third persons at the time of the consolidation, and may be sued, at law or in equity, to enforce such rights and obligations without any agreement to become so answerable, and without any statute imposing the liability." Thompson, Com. Corp. § 8241. Again, in section 372, with reference to merging, he states the rule as follows: "Where one corporation goes entirely out of existence, by being annexed to or merged into another corporation, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the surviving corporation will be entitled to all the property, and answerable for all the liabilities of the other."

Stripped of the conclusions with which the complaint abounds, the allegations of fact are simply these: That the Minnesota corporation acquired the property and assets of the Wisconsin company, and paid for the same by the issuance of its stock, that after the sale of its assets the Wisconsin corporation ceased to transact business as a going concern, and that ever since such purchase the Minnesota corporation has been carrying on the same business formerly carried on by the Wisconsin corporation. The statement that "the assets were sufficient to pay all the liabilities of said Wisconsin corporation" is in itself of no legal significance, and the declaration that "the assets and business of said Wisconsin company became merged into and consolidated with said defendant company" is not an allegation that the Wisconsin company was merged into the Minnesota company. The pleader leaves the Wisconsin company in existence, liable to be sued, and if it continued to be a legal entity it was not merged into or consolidated with the Minnesota company. We are aware that a similar complaint was sustained in the case of Swing v. American, 123 Ill. App. 156, where domestic corporations were involved, upon the ground that it sufficiently alleged consolidation or merger.

We are of opinion that, if the facts stated in the complaint are treated as amounting to a sale of the assets, then the purchasing company did not become liable for the debts of the Wisconsin company. The fact that the selling company was in debt did not prevent it from selling its property and to a corporation composed of the same stock-

holders. No such obligation followed from the mere fact of purchase. Nor are the facts sufficient to warrant the inference of fraud. Presumably the stock of the Minnesota company was issued at its par value in consideration of property of full value, and fraud will not be presumed from the mere fact that the Minnesota company was composed of nearly the same stockholders.

The facts pleaded, therefore, do not come within either one of the four heads referred to by the trial court: (1) There is no consolidation; (2) there is no promise, express or implied, by the purchasing corporation to assume the obligations of the old company; (3) it does not appear that the Minnesota corporation is a mere continuation of the Wisconsin corporation; and (4) there are no facts from which it may be inferred that the transfer was of a fraudulent character. Chase v. Michigan, 121 Mich. 631, 80 N. W. 717, distinguished from Grenell v. Detroit, 112 Mich. 70, 70 N. W. 413; Baker v. Hall, 76 Neb. 93, 111 N. W. 129. See also Thorpe v. Pennock Mercantile Co., 99 Minn. 22, 108 N. W. 940.

Affirmed.