METROPOLITAN SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27956.    Promulgated March 18, 1930.

*H. A. Hauxhurst, Esq.*, for the petitioner.
*J. A. Lyons, Esq.* and *J. E. Mather, Esq.*, for the respondent.

OPINION.

MARQUETTE: This proceeding involves additional taxes claimed by the respondent to be due from the Union Finance Co. for the years 1921 and 1922, which he proposes to assess against the petitioner as a transferee of that company, under authority of section 280 (a) (1) of the Revenue Act of 1926, which provides that:

SEC. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title, (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

The petitioner contends that the Metropolitan Securities Co. was a purchaser for value of the assets of the Union Finance Co., and that there is no liability on its part, either at law or in equity, for the taxes in question.

The record in this proceeding establishes that in 1926 the petitioner acquired all of the assets of the Metropolitan Securities Co. and assumed all of its debts and liabilities. The petitioner is, therefore, liable for the taxes of the Union Finance Co. for the years 1921 and 1922, provided there is any liability for such taxes on the part of the Metropolitan Securities Co.

It is clear that the Metropolitan Securities Co. is not liable under the contract made between it and the Union Finance Co. to pay the taxes under consideration. The contract provided as a part of the

consideration for the purchase of the assets of the Union Finance Co., that the Metropolitan Securities Co. assumed and would pay such accounts payable and other obligations of the Union Finance Co. as were shown by its books as of January 4, 1923. The taxes involved in this proceeding were not determined or proposed for assessment until subsequent to that date and did not constitute any part of the known liabilities of the Union Finance Co. which the Metropolitan Securities Co. expressly agreed to assume. We must, therefore, inquire whether independently of the contract there is any obligation on the part of the Metropolitan Securities Co. to pay these taxes.

The facts herein establish that the Metropolitan Securities Co. desired to purchase the assets of the Union Finance Co. and that it offered to pay therefor a certain number of shares of its own preferred stock and to assume the liabilities of the Union Finance Co. as then shown by its books. This offer was accepted and the Union Finance Co. conveyed to the Metropolitan Securities Co. all of its then assets, subject to the liabilities as shown by its books, and received in exchange 5,886 shares of the preferred stock of the Metropolitan Securities Co. The net value of the assets was about $500,000 and the value of the preferred stock of the Metropolitan Securities Co. received in payment of said assets was $100 per share, or a total value of $588,600. When the transaction was completed the Union Finance Co. was still the owner of assets at least equal in value to the assets it conveyed to the Metropolitan Securities Co.

It is well settled that where one corporation sells its assets to another corporation for stock of the latter which is issued directly to the stockholders of the seller, thus leaving the seller without assets to satisfy its creditors, the purchaser is liable to the creditors of the seller to the extent of the value of the property received, the sale being in fraud of creditors and the purchaser being a party to the fraud. *United States* v. *Capps Mfg. Co.*, 15 Fed. (2d) 528; *Grennell* v. *Detroit Gas Co.*, 112 Mich. 70; 70 N. W. 413; *McWilliams* v. *Excelsior Coal Co.*, 298 Fed. 884; *Swing* v. *American Glucose Co.*, 123 Ill. App. 156; *Woodley Petroleum Co., et al.*, 16 B. T. A. 253. And this rule has been applied in some instances where the consideration paid was capital stock of the purchasing corporation delivered to the seller, but the reason for the application of the rule was that in those cases the transactions amounted to fraud on existing creditors. *Hibernia Ins. Co.* v. *St. Louis & New Orleans Transportation Co.*, 13 Fed. 516; *American Ry. Express Co.* v. *Commonwealth*, 190 Ky. 636; 228 S. W. 433. In the instant proceeding we see no reason for applying that rule. The Metropolitan Securities Co. purchased the assets of the Union Finance Co. and, after making provision for the satisfaction of all of the known liabilities of that company, paid to the Union Finance Co. shares of its, the Metropolitan Securities

Co.'s preferred stock, which shares were at least equal in value to the assets purchased. The seller at the conclusion of the transaction was possessed of assets equal in value to those it had sold, and those assets were amply sufficient to meet the tax claim that was subsequently determined and asserted. The transaction shows on its face that it was not made with intent to defraud, and it did not amount to a fraud on any existing creditor, in that it did not leave the seller without assets or change the *situs* of the assets so that creditors could not reach them. Under the circumstances we are of opinion that the Metropolitan Securities Co. was a purchaser for value of the assets of the Union Finance Co., and that it is not liable for the taxes involved herein.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

MORRIS dissents on the authority of *Woodley Petroleum Co. et al.*, 16 B. T. A. 253.