GIDEON-ANDERSON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24351.   Promulgated June 19, 1930.

*Chase Morsey, Esq.*, and *Harry Friedman, Esq.*, for the petitioner. *H. Leroy Jones, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner contends that it is not liable in law or in equity as a transferee of the assets of Gideon-Anderson Lumber & Mercantile Co. as it paid full value for such assets.

While we recognize the general and well settled rule that where one corporation in good faith sells or transfers all of its assets to

another for a fair consideration, the transferee corporation is not liable for the debts and the liabilities of the transferor, *Metropolitan Securities Corporation*, 19 B. T. A. 299, we do not think this is such a case.

It is well settled that where one corporation exchanges or transfers its assets to another corporation for stock of the latter, which is issued direct to the stockholders of the seller, thus leaving the seller without assets of any kind to satisfy its creditors, the purchaser is liable to the creditors of the seller to the extent of the value of the property received, the sale being in fraud of creditors and the purchaser being a party to the transaction. *United States* v. *Capps Mfg. Co.*, 15 Fed. (2d) 528; *Grennell* v. *Detroit Gas Co.*, 112 Mich. 70; 70 N. W. 413; *McWilliams* v. *Excelsior Coal Co.*, 298 Fed. 884; *Swing* v. *American Glucose Co.*, 123 Ill. App. 156; *Woodley Petroleum Co. et al.*, 16 B. T. A. 253. And this rule has been applied in some instances where the consideration paid was capital stock of the purchasing corporation actually delivered to the seller. *Hibernia Ins. Co.* v. *St. Louis & New Orleans Transportation Co.*, 13 Fed. 516; *American Ry. Express Co.* v. *Commonwealth*, 190 Ky. 636; 228 S. W. 433.

In the instant case the consolidated corporation took over all the assets of the consolidating companies and issued its stock not to the transferor corporations, but to the stockholders of such companies, thereby leaving the consolidating corporations without assets to satisfy their creditors. This constituted a constructive fraud on the creditors of the consolidating corporations. The petitioner being a party to the transaction, we think that it must be held liable as a transferee. Cf. *Metropolitan Securities Corporation, supra*.

The petitioner contends that the seller corporations constructively received the stock of the consolidated corporations and constructively distributed the assets to their stockholders in accordance with the rule laid down in the case of *Rensselaer & Saratoga R. R. Co.* v. *Irwin*, 249 Fed. 726, and other cases, but we do not think that this principle is applicable here. The actual fact is that the transferor corporations as the result of the transfer of assets had no assets out of which the liability for taxes could be satisfied. We think, therefore, that the petitioner is liable as transferee.

The petitioner contends that the period of limitations within which assessment of the tax liability of the Gideon-Anderson Lumber & Merchantile Co. expired in April, 1926, and as the tax was not assessed against that company prior to the expiration of the period of limitations it has been extinguished by the provisions of section 1106 of the Revenue Act of 1926. The petitioner urges that there is therefore no liability to be assessed against or collected from it.

The 1920 return of the Gideon-Anderson Lumber & Mercantile Co. was filed on April 14, 1921, and the 1921 return was filed at some undisclosed date, but not prior to March 15, 1922, nor later than June 16, 1922. Assuming that the 1921 return was filed on March 15, 1922, the period of limitations within which assessment could be made expired on March 15, 1926, with respect to the taxes for 1921 and on April 14, 1926, with respect to the tax for 1920. Clearly, the period of limitations within which assessment of the tax for both years had not expired on February 26, 1926, the date of the enactment of the Revenue Act of 1926.

Section 280 of the Revenue Act of 1926 provides in part as follows:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) The period of limitation for assessment of any such liability of a transferee \* \* \* shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; \* \* \*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(c) For the purposes of this section, if the taxpayer is deceased, or in the case of a corporation, has terminated its existence, the period of limitation for assessment against the taxpayer shall be the period that would be in effect had the death or termination of existence not occurred.

(d) The running of the period of limitation upon the assessment of the liability of a transferee or fiduciary shall, after the mailing of the notice under subdivision (a) of section 274 to the transferee or fiduciary, be suspended for the period during which the Commissioner is prohibited from making the assessment in respect of the liability of the transferee or fiduciary, and for 60 days thereafter.

Subdivision (b), paragraph (1), of this section specifically provides that the assessment of the liability of a transferee may be made within one year after the expiration of the period of limitation for assessment against the taxpayer. Nor, in order to make the assessment against the transferee, is it necessary for the respondent to first assess the tax against the transferor. *Woodley Petroleum Co. et al., supra; Angier Corporation*, 17 B. T. A. 1376. It is sufficient if he proceeds against the transferee within the one year period provided therefor by statute.

Since the period of limitations within which assessment could be made of the taxes here involved had not expired at the time of the enactment of the Revenue Act of 1926, and as the respondent mailed the notice of the deficiencies to the petitioner on December 23, 1926, and well within the time provided by section 280 (b) (1), we do not think that the tax liability has been extinguished by section 1106. To hold otherwise would be to do violence to the plain language as well as the intent and purpose of the provisions of section 280.

Since the petitioner is liable, as transferee of the assets of the Gideon-Anderson Lumber & Mercantile Co., for the tax liability here involved, and as the period of limitations within which assessment against and collection of such liability from the petitioner has not expired, an order will be entered restoring the proceeding to the General Calendar for hearing on the merits.