SIGNAL GASOLINE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41532, 47620. Promulgated February 16, 1932.

*Melvin D. Wilson, Esq.,* for the petitioner.
*J. A. Lyon, Esq.,* and *E. L. Updike, Esq.,* for the respondent.

OPINION.

LANSDON: This is a proceeding under section 280 of the Revenue Act of 1926. The respondent has asserted liability against the peti-

tioner and transferee of the Signal Gasoline Company for income taxes alleged to be due for the calendar year 1923 and the period from January 1 to September 11, 1924, in the respective amounts of $468.33 and $2,672.53. The petitioner concedes the tax liability, but contends that it is not liable at law or in equity for the deficiencies asserted.

The petitioner is a dissolved California corporation, acting through its statutory trustees. It was organized to acquire the assets of the Signal Gasoline Company, and under contract dated May 1, 1924, it acquired such assets, subject to all outstanding obligations and liabilities not exceeding, in the aggregate, the sum of $51,076.89, in consideration of the issuance to the Signal Gasoline Company of 400,000 shares of petitioner's common capital stock. The assets so acquired by the petitioner had a net value over and above liabilities assumed in excess of the deficiencies asserted by the respondent in these proceedings. The Signal Gasoline Company was dissolved under the laws of California on September 11, 1924. All of its assets, which consisted solely of the 400,000 shares of petitioner's common stock, were distributed to its stockholders on October 9, 1924.

Up to the date of this proceeding the petitioner has paid in excess of the sum of $51,076.89 in liquidation of liabilities of the Signal Gasoline Company assumed by it under the contract of May 1, 1924.

The petitioner paid the last three quarters of the 1923 income tax of the Signal Gasoline Company as shown on its return for that year. It also paid the 1924 income tax of the Signal Gasoline Company in the amount shown on the return for that year.

The petitioner and the Signal Gasoline Company had the same officers and the same directors as of May 1, 1924, and as of September 11, 1924.

Similar questions of transferee liability have been before us on numerous occasions, and it is now well settled by decisions of the Board that where one corporation transfers its assets to a new corporation in exchange for stock of the latter which is issued directly to the stockholders, leaving the transferor without assets to satisfy its creditors, the new corporation is liable to the creditors of the old to the extent of the value of the property received. *Woodley Petroleum Co. et al.*, 16 B. T. A. 253; *Concrete Industries Co.*, 19 B. T. A. 655; *Gideon-Anderson Co.*, 20 B. T. A. 106; *Wayne Body Corporation*, 22 B. T. A. 401, and cases cited therein. Many courts have reached the same conclusion where stock of the new corporation was delivered to the old corporation and later distributed to its stockholders, which is the situation in the instant case. *Jennings Neff & Co.* v. *Chrystal Ice Co.*, 128 Tenn. 231; 159 S. W. 1088; *Altoona* v.

*Richardson*, 81 Kansas 717; 106 Pac. 1026; 26 L. R. A. (N. S.) 651; *Hibernia Insurance Co.* v. *St. Louis & New Orleans Transportation Co.*, 13 Fed. 516; *American Railway Express Co.* v. *Commonwealth*, 190 Ky. 636; 228 S. W. 433; *Grenell* v. *Detroit Gas Co.*, 112 Mich. 70; 70 N. W. 413; *Chicago I. & S. R. Co.* v. *Taylor*, 183 Ind. 240; 108 N. E. 1. The reason for application of the rule in cases of the latter group where the old corporation is not without assets, having received stock of the new corporation, is stated as follows in *Jennings Neff & Co.* v. *Chrystal Ice Co.*, *supra*:

Creditors of the old corporation cannot be required to look alone to the stock and bonds which were substituted for the real, tangible assets of that corporation. The value of securities so substituted is more or less problematical, and creditors should not be forced to surrender their claim against available, visible assets, and transfer such claim to new securities. The remedy cannot thus be hindered and impaired for the benefit of stockholders. * * *

We think the petitioner is liable as transferee of the Signal Gasoline Company. The contract whereby petitioner acquired the assets provides for a reorganization and should be attended with all the liabilities incident thereto. There was no arm's-length purchase and sale of assets such as would free the purchaser of any liability to the creditors of the old company.

Our conclusion here in no way conflicts with our decision in *Metropolitan Securities Corporation*, 19 B. T. A. 299. We there recognized the above quoted rule, but held it inapplicable on the facts presented. There, the purchasing company had been in business for many years prior to its acquisition of the Union Finance Company and had substantial assets other than those acquired at that time. It paid for the assets in preferred stock, which we found had a real value in excess of the value of the assets acquired. Here the petitioner was organized to acquire the assets of the Signal Gasoline Company in exchange for common stock. We do not think the respondent is bound to look alone to the common stock of petitioner for collection of taxes due from the Signal Gasoline Company. He may follow the assets into petitioner's hands.

Reviewed by the Board.

*Decision will be entered for the respondent.*

MURDOCK concurs in the result.