C. W. MURCHISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MURCHISON OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. R. FAIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES P. McGAHA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

L. D. FAIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FAIN-McGAHA OIL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 77945, 77946, 78093, 78094, 78095, 78096.

Promulgated April 27, 1937.

*John B. King*, Esq., *W. Clif Klein*, Esq., and *L. E. Cahill*, Esq., for the petitioners.

*John F. Greaney*, Esq., *F. L. Van Haaften*, Esq., and *Henry H. Surface*, Esq., for the respondent.

1024

MORRIS: The respondent has the burden of proof in the only issue submitted for consideration, i. e., whether these petitioners, or any of them, are transferees and liable in law or in equity for the deficiencies in tax of the Murchison & Fain Oil Co. for the years 1925 and 1926.

It is shown that the Murchison & Fain Oil Co. was a trust estate, operating as a joint stock association, with beneficial interests in these individual petitioners; that on or about January 1, 1927, said association transferred all of its properties and assets to two newly organized corporations, the Murchison Oil Co. and Fain-McGaha Oil Corporation, receiving in exchange therefor capital stock having an aggregate market value of at least $300,000, which stock was immediately distributed to the owners of beneficial interests. We are satisfied that the transfer in question left the association without assets with which to pay the proposed tax and that each of the present petitioners received assets of value in excess thereof.

Action against petitioners Murchison-Fain Oil Co. and Fain & McGaha Oil Corporation is defended under the principle of *Metropolitan Securities Corporation*, 19 B. T. A. 299; petition for review dismissed at 51 Fed. (2d) 1075, wherein we held that the purchasing corporation was not liable for taxes due from the selling corporation in a transaction involving the issuance of stock for assets. Pointing out that when the transaction was completed the selling corporation was still the owner of assets—stock of the purchasing corporation—at least equal in value to the assets conveyed to the purchasing corporation—the alleged transferee—we said:

It is well settled that where one corporation sells its assets to another corporation for stock of the latter which is issued directly to the stockholders of the seller, thus leaving the seller without assets to satisfy its creditors, the purchaser is liable to the creditors of the seller to the extent of the value of the property received, the sale being in fraud of creditors and the purchaser being a party to the fraud. *United States* v. *Capps Mfg. Co.*, 15 Fed. (2d) 528; *Grennell* v. *Detroit Gas Co.*, 112 Mich. 70; 70 N. W. 413; *McWilliams* v. *Excelsior Coal Co.*, 298 Fed. 884; *Swing* v. *American Glucose Co.*, 123 Ill. App. 156; *Woodley Petroleum Co., et al.*, 16 B. T. A. 253. And this rule has been applied in some instances where the consideration paid was capital stock of the purchasing corporation delivered to the seller, but the reason for the application of the rule was that in those cases the transactions amounted to fraud on existing creditors. *Hibernia Ins. Co.* v. *St. Louis & New Orleans Transportation Co.*, 13 Fed. 516; *American Ry. Express Co.* v. *Commonwealth*, 190 Ky. 636; 228 S. W. 433. In the instant proceeding we see no reason for applying that rule. The Metropolitan Securities Co. purchased the assets of the Union Finance Co. and, after making provision for the satisfaction of all of the known liabilities of that company, paid to the Union Finance Co. shares of its, the Metropolitan Securities Co.'s preferred stock, which shares were at least equal in value to the assets purchased. The seller at the conclusion of the transaction was possessed of

assets equal in value to those it had sold, and those assets were amply sufficient to meet the tax claim that was subsequently determined and asserted. The transaction shows on its face that it was not made with intent to defraud, and it did not amount to a fraud on any existing creditor, in that it did not leave the seller without assets or change the *situs* of the assets so that creditors could not reach them. Under the circumstances we are of opinion that the Metropolitan Securities Co. was a purchaser for value of the assets of the Union Finance Co., and that it is not liable for the taxes involved herein.

However, we have also said that "where a new corporation is organized to take over assets of another corporation for stock, the new company being simply a reincorporation or reorganization of the old, with the same assets and business, the new corporation is liable for debts of the old." *Waterproofed Products Co.*, 25 B. T. A. 648. Our conclusion there was based upon the trust fund doctrine. Here, it appears, as there, that the owners of the vendor—transferor— caused the organization of the vendee corporations— alleged transferees—for the purpose of taking over the assets and business of the vendor for stock, in a transfer recognized and treated by the parties as a reorganization within the meaning of section 203 of the Revenue Act of 1926. See also *Signal Gasoline Corporation*, 25 B. T. A. 532. Upon the authority of these two cases, it is held that the petitioning corporations are liable as transferees.

Furthermore, where assets are distributed to the stockholders of a corporation in dissolution—in the instant case, stock of the purchasing corporation having an admitted aggregate market value far in excess of the tax—such stockholders may also be severally held under the trust fund doctrine with all other transferees to the extent of the assets which they received on distribution. *Phillips* v. *Commissioner*, 283 U. S. 589; *Updike* v. *United States*, 8 Fed. (2d) 913; *United States* v. *Snook*, 24 Fed. (2d) 844; *United States* v. *Klausner & Fain*, 25 Fed. (2d) 608; *Steinberger* v. *United States*, 81 Fed. (2d) 1008; *E. H. Dobrin*, 27 B. T. A. 611. This is so irrespective of our conclusion affecting the purchasing corporations—which is based upon that well established principle that a creditor under the trust fund doctrine may follow the corporate assets, upon the faith of which credit was extended, and may not be entirely subordinated to the corporate stock received therefor, see *Woodley Petroleum Co.*, 16 B. T. A. 253—and irrespective of the fact that under the laws of Texas such individuals, members of an association, are regarded as partners and are liable as such for the debts incurred by the association. Respecting this, it was said, in *Burk-Waggoner Oil Association* v. *Hopkins*, 296 Fed. Rep. 492; affirmed at 269 U. S. 110: "No debate can follow the assertion that the trustees of such association, and probably the members thereof, are liable for debts to third parties; but when they are viewed from a taxing standpoint and in that herding where the accepted classification puts them as well-known and

distinctive commercial enterprises, they wear, likewise, another label, another livery, another name", and in *Shamrock Oil Co.* v. *Commissioner*, 77 Fed. (2d) 553, affirming the Board at 29 B. T. A. 910:

\* \* \* We think, too, that there is no merit in the additional point the taxpayer seeks to make here, the point that petitioner is not liable as a transferee because the original Shamrock Oil Company was a partnership, and since partners may be looked to for partnership debts, a transfer of all the partnership assets does not charge them in the hands of the transferee with a lien for partnership debts.

These proceedings deal with federal taxes. As to federal taxes, Texas stock associations are not partnerships, they are corporations. *Burke-Waggoner Ass'n.* v. *Hopkins*, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183. They are liable as corporations for the taxes they incur. Whatever may be the rule in Texas as to the liability to general creditors, of the members of such associations, as partners, and whatever may be the rule there as to the effect upon general creditors of a transfer of all the assets, we think it clear that as to tax liability, a transfer by a joint-stock association which strips it bare makes the taker liable as transferee for the federal taxes it owes. \* \* \*

We hold, therefore, that all of the petitioners are transferees under the provisions of section 280, *supra*.

*Judgment will be entered for the respondent.*